Executors of Shotwell, dec. v. Dennis and Mushback, &c.

---

EXECUTORS OF JAMES SHOTWELL, deceased v. DENNIS and MUSHBACK, survivors, &c.

Where the defence is a good one, though badly pleaded, the plaintiff must demur. This court has not gone so far as to settle the legal accuracy of a special plea in bar, upon a motion to strike out the plea.

The plaintiffs having filed their declaration on a bond exe-

cuted by the defendants to James Shotwell, in his life time, the defendants pleaded first, *non est factum;* second, as follows:

And for further plea in this behalf, the said Isaac and George, by leave of the court, for that purpose first had and obtained, according to the form of the statute in such case made and provided, say, that they ought not to be charged with said debt, by virtue of the said supposed obligation in the declaration mentioned, because they say, that the said obligation was made and delivered by the said Isaac and George, and the said George Lundy, deceased, to the said James Shotwell, deceased, in his lifetime, and by him the said James Shotwell, deceased, in his lifetime, accepted and received, in pursuance of a corrupt and unlawful agreement, made on the day of the date of the said obligation, at Newton, in the county of Sussex, aforesaid, between the parties aforesaid, to the said obligation; whereby there was then and there reserved and taken by the said James, for the forbearance of the said sum of money mentioned in the said condition, above the rate and value of *seven* dollars for the forbearance of one hundred dollars for a year; contrary to the form of the statute in such case made and provided, by means whereof, and by force of the said statute, the said obligation in the said declaration mentioned, is void; and this, the said Isaac and George, are ready to verify; wherefore they pray judgment if they ought to be charged with the said debt, by virtue of the said obligation, &c.

The plaintiffs gave notice to the defendants that they should apply to the court to strike out this second plea, because it does not allege or specify any of the particulars of such usurious contract, nor the sum to be forborne, nor the sum to be paid for such forbearance, and also for that the said plea is, in other respects, uncertain.

*D. Thompson,* for the plaintiff. The following authorities on the plea of usury, were cited: 2 *Chitty,* 467 *& note; Stevens on Pl.* 343; 2 *Saund. Pl. & Ev.* 493; 4 *Peters, U. S. R.* 220; 1 *Saund.* 295-6; 15 *Petersdorff Abrid.* 255.

*S. Scudder,* for defendant.

The opinion of the court was delivered by the chief-justice.

HORNBLOWER, C. J. This is an action of debt on a bond.

The defendants have pleaded first, *non est factum;* and secondly, that the bond was given upon a corrupt and usurious contract. The plaintiff moves to strike out the second plea, not because usury is not a legal bar, but because the defence set up is not well pleaded. It is objected that the plea does not allege or specify any of the particulars of the contract, nor the sum to be forborne, nor the sum to be paid for such forbearance; and that the plea is, in other respects, uncertain, &c.

These may be very sufficient and fatal objections to the plea, on a demurrer; but the counsel for the plaintiffs, have referred us to no case in which the court has gone so far, as to settle the legal accuracy of a special plea in bar, upon a mere motion to strike out the plea. Where it is plainly frivolous and trifling, or where the subject matter of the plea, although accurately and technically set forth, according to the soundest rules of special pleading, is no answer to the declaration, or excluded by a positive rule of law, it may, no doubt, be stricken out. *Anonymous,* 2 *Halst. Rep.* 160; *Stadholme, Exr.* v. *Hodgson,* 2 *T. R.* 390; In the case of *Westervelt* v. *Merenus,* 2 *Penn. Rep.* 693, the defendant, after pleading title, and giving bond in the court for the trial of small causes, put in, to an action brought in this court for the same trespass, the plea of not guilty; and it was stricken out. In *Coryell* v. *Croxall,* 2 *South Rep.* 764, the plea of payment to the payee of the note, before notice of the endorsement to the plaintiff, was struck out, because the note was payable without defalcation or discount. So in *The Inhabitants of the Township of North Brunswick* v. *Booraem, & al.* 5 *Halst. Rep.* 257, the defendant pleaded that the action was not prosecuted by the plaintiffs on record, but by a third person. The plea was struck out, because the facts set forth were not the subject matter of a plea. But in the case before us, the defendant sets up usury, which, if well pleaded and true, is not only a lawful plea, but a good defence to the action. Whether it be a formal and good plea of usury, is not necessary to be considered now. The plaintiffs are at liberty to demur to it; and then the defendants may apply, if they think proper, for leave to amend, *Thelluson* v. *Smith,* 5 *T. R.* 152. If a plea in bar, is not adapted to the nature of the action, or conformable to the count; as if *nil debet* be pleaded to an action of assump-

sit, as was done in *Stafford* v. *Little, Barnes' Notes*, 257; the plaintiff may treat it as a nullity, and sign judgment, or move to set it aside. But if the defence is a good one, though badly pleaded, the plaintiff must demur.

FORD, J. concurred.

RYERSON, J. expressed no opinion, having been of counsel with one of the parties before his appointment.

Motion denied.

DISAPPROVED in *Copperthwait* v. *Dummer*, 3 *Harr.* 259; *Hogencamp* v. *Ackerman*, 4 *Zab.* 137; CITED in *Mulford* v. *Peterson*, 6 *Vr.* 134.